NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 9 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ELSA NOHEMY MARTINEZ-DE CALDERON; MELANIE MICHELLE MARTINEZ-CALDERON; JIMMY ANTONIO CALDERON-MARTINEZ,

Petitioners,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No. 23-3845

Agency Nos.
A220-680-248
A201-445-026
A220-676-710

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 5, 2024**
Seattle, Washington

Before: BOGGS***, McKEOWN, and R. NELSON, Circuit Judges.

Elsa Nohemy Martinez-De Calderon, a native and citizen of El Salvador,

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Danny J. Boggs, United States Circuit Judge for the Court of Appeals, 6th Circuit, sitting by designation.

petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of her, and her two minor children's, appeal of the Immigration Judge's ("IJ") denial of their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Martinez-De Calderon is the lead applicant, and her two minor children are derivative applicants on her asylum request.

Because the parties are familiar with the facts, we need not recount them here. We have jurisdiction under 8 U.S.C. § 1252. Our review is limited to the BIA's decision, except to the extent the IJ's opinion is expressly adopted. *Rodriguez v. Holder*, 683 F.3d 1164, 1169 (9th Cir. 2012). Reviewing legal conclusions de novo and factual findings for substantial evidence, *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc), we deny the petition. A temporary stay of removal remains in place until the mandate issues, and the motion for a stay of removal is otherwise denied.

An applicant for asylum must demonstrate that she is "unable or unwilling to return to [her] home country because of a well-founded fear of future persecution on account of" a protected ground. *Udo v. Garland*, 32 F.4th 1198, 1206 (9th Cir. 2022) (internal quotations omitted). Martinez-De Calderon "has the burden of establishing that (1) [her] treatment rises to the level of persecution; (2) the persecution was on account of one or more protected grounds; and (3) the persecution was committed by the government, or by forces that the government

23-3845

was unable or unwilling to control." *Guo v. Sessions*, 897 F.3d 1208, 1213 (9th Cir. 2018) (internal quotations omitted).

Substantial evidence supports the BIA's conclusion that Martinez-De Calderon had not suffered past persecution or established a well-founded fear of future persecution. Although Martinez-De Calderon alleged she received "harassment and threats" from gang members, witnessed severe gang violence, and feared that "gang members would come to [her] home and kidnap Jimmy," these experiences do not rise to the "extreme concept" of persecution. *Sharma v. Garland*, 9 F.4th 1052, 1060 (9th Cir. 2021). For future persecution, "[t]he ongoing safety of family members in the petitioner's native country undermines a reasonable fear of future persecution." *Sharma*, 9 F.4th at 1066. Martinez-De Calderon's mother continues to live safely in El Salvador, and gangs have shown no interest in her. Martinez-De Calderon has not identified other evidence reflecting the gang's "continuing interest" in her persecution. *See Zhang v. Ashcroft*, 388 F.3d 713, 718 (9th Cir. 2004).

Because "[w]ithholding's clear-probability standard is more stringent than asylum's well-founded-fear standard," a failure to establish eligibility for asylum necessitates a failure to establish eligibility for withholding of removal. *Singh v. Garland*, 57 F.4th 643, 658 (9th Cir. 2022) (internal quotations and citation omitted).

23-3845

Substantial evidence also supports the denial of CAT relief. Torture "is an extreme form of cruel and inhuman treatment and does not include lesser forms of cruel, inhuman or degrading treatment or punishment." 8 C.F.R. § 1208.18(a)(2). "Demonstrating torture requires a much greater showing of harm than demonstrating persecution, itself 'an extreme concept.'" *Hernandez v. Garland*, 52 F.4th 757, 769 (9th Cir. 2022) (quoting *Sharma*, 9 F.4th at 1060). The BIA did not err in concluding that Martinez-De Calderon's experiences did not rise to the extreme level of torture. 8 C.F.R. § 1208.18(a)(2); *see Lopez v. Sessions*, 901 F.3d 1071, 1078 (9th Cir. 2018). Martinez-De Calderon did not submit any additional evidence supporting likely future torture.

Finally, Martinez-De Calderon did not exhaust her due-process claim, which was not raised before the BIA. Because she contends she was denied a full and fair hearing, her due-process claim is subject to the exhaustion requirement. *Agyeman v. INS*, 296 F.3d 871, 877 (9th Cir. 2002) (citation omitted). Although exhaustion is not jurisdictional, it is nevertheless a mandatory claims-processing rule to be enforced when properly invoked. *See Santos-Zacaria v. Garland*, 598 U.S. 411, 416–18, 423 (2023). The government has properly raised the issue, and we will not consider the claim further. *See Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023), *as amended*.

**PETITION DENIED.**

23-3845